**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **HARTLINE DACUS BARGER DREYER LLP,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. 3:16-CV-1174-L-BK | |
| § | | |
| **HOIST LIFTRUCK MFG., INC.,** § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Court's *Order of Reference*, Doc. 11, the undersigned now considers Defendant's *Amended Motion for Relief from Default Judgment or, in the Alternative, Motion to Amend or Alter Judgment*, Doc. 6. After careful review of the relevant facts, pleadings, and applicable law, it is recommended that Defendant's motion be **GRANTED** to the extent stated herein.

### I. BACKGROUND AND PROCEDURAL HISTORY

In May 2016, Plaintiff Hartline Dacus Barger Dreyer LLP ("HDBD") filed suit against Defendant Hoist Liftruck Manufacturing, Inc. ("Hoist"), seeking to recover fees related to its representation of Hoist in two previous legal matters. Doc. 1.[1] On April 4, 2016, HDBD served its *Original Petition* and citation on the Secretary of the State of Texas ("the Secretary"). Doc. 6-1 at 2. On April 11, 2016, the Secretary forwarded the petition and citation to Hoist. Doc. 6-1 at 2. Planning to remove the case to federal court, Hoist alleges that its counsel mistakenly

---

[1] HDBD provided legal services in two pending state court matters: (1) *Carruth-Doggett, Inc. d/b/a Toyota Lift of Houston and Toyota Lift of South Texas v. Hoist Liftruck MFG, Inc. James Knight, and Specialized Liftruck Servs., LLC*, Cause No. 2014-59264 ("the TLH Matter"), and (2) *Long Cove Development, Inc. v. Specialized Liftruck Servs. LLC d/b/a Hoistlift of Texas and Hoist Liftruck MFG*, Inc., Cause No. CV1-0164-3 ("the Long Cove Matter"). Doc. 1-2 at 2. In the TLH Matter, HDBD provided legal services from October 2014 to March 2016, and in the Long Cove Matter from July 2015 to March 2016. Doc. 1-2 at 3.

calendared the answer date as May 2, 2016 (twenty days after the date *Hoist* received the petition and citation), rather than the correct date of April 25, 2016 (twenty days after the date *the Secretary* was served with petition and citation).  Doc. 6 at 7-8.  After Hoist failed to respond by the deadline, HDBD moved for default judgment.  Doc. 6 at 8.  The state court entered the default judgment against Hoist on April 29, 2016.[2]  Doc. 6 at 8.  On May 2, 2016, pursuant to 28 U.S.C. § 1446, Hoist removed this case to this Court, and alleges that in doing so, it discovered the default judgment entered in state court.  Doc. 6 at 8.  On May 9, 2016, Hoist concurrently filed its answer, Doc. 5, and its original motion seeking relief from default judgment, Doc. 4.  Shortly thereafter, Hoist amended its motion for relief, Doc. 6, which, after HDBD's response, Doc. 7, Hoist's reply, Doc. 9, and HDBD's sur-reply, Doc. 16, the Court now considers.

## II. ARGUMENTS

First, Hoist argues that its timely removal of HDBD's complaint to federal court mooted the default judgment entered against it in state court.  Doc. 6 at 9.  However, as HDBD rightly argues, "[a] default judgment entered in a state court with jurisdiction continues in effect after the case is removed to federal court.  *Till v. X-Spine Sys., Inc.*, No. 3:15-CV-0532-M, 2015 WL 3903567, at *1 (N.D. Tex. June 24, 2015) (Lynn, J.) (citing *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985) (per curiam); *see also* 28 U.S.C. § 1450 ("All injunctions, orders, and other proceedings had in [any action removed from a state court to a federal district court] prior to its removal shall remain in full force and effect until dissolved or modified by the district court.").

---

[2] A copy of the Final Default Judgment containing the state judge's signature has not been filed in this Court.  However, the parties do not dispute its existence.

2

Second, Hoist asks that the Court either vacate the default judgment under Rule 60(b)(6), or amend/alter the judgment under Rule 59(e).³ Doc. 6 at 15-16.  While HDBD responds that both Rules are inapplicable to the case at bar, Doc. 7 at 8-9, Hoist failed to address this argument in its reply brief.  Nonetheless, the Court finds HDBD's argument to be well taken.  First, subsections (1) and (6) of Rule 60(b) are mutually exclusive, meaning "[t]he reason for relief set forth under 60(b)(6) cannot be the reason for relief sought under [Rule 60(b)(1)]." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005) (citation omitted).  Hoist's argument for relief under Rule 60(b)(6) is founded on the same calendaring error as its request under Rule 60(b)(1).  *See* Doc. 6 at 15.  Second, Hoist fails to identify the requisite "extraordinary circumstances" that would justify relief under Rule 60(b)(6).  *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990) ("Relief under Rule 60(b)(6) will be granted only if extraordinary circumstances are present.") (citing *Ackermann v. United States*, 340 U.S. 193 (1950)).  Similarly, Hoist does not identify, much less clearly establish, any newly discovered evidence, or manifest error of law or fact – the only grounds on which relief under Rule 59(e) may be granted.  *See* Doc. 6 at 16; *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Accordingly, the Court turns to Hoist's remaining argument: that relief from judgment is warranted under Federal Rule of Civil Procedure 60(b)(1).  Specifically, Hoist argues (1) HDBD will not be prejudiced by setting aside the default judgment; (2) its failure to timely answer HDBD's complaint was due to excusable neglect; (3) it has acted in good faith to correct its

---

³ Rule 60(b)(6) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for …any other reason that justifies relief.  FED. R. CIV. P. 60(b).  Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  FED. R. CIV. P. 59(e).

default; and (4) it has a meritorious defense. Doc. 6 at 12-15. In response, HDBD contends that (1) Hoist's ignorance of the law does not make its neglect excusable, and (2) Hoist has no meritorious defense. Doc. 7 at 7-8. In reply, Hoist maintains that it has a meritorious defense, adding further that HDBD – as a limited partnership – is not entitled to attorneys' fees as damages. Doc. 9 at 6. Additionally, Hoist argues that if this case had remained in state court, the default judgment would have been set aside. Doc. 9 at 7-8. In its sur-reply, HDBD, *inter alia*, maintains its objections. Doc. 16.

### III.  APPLICABLE LAW AND ANALYSIS

Under Rule 55(c), a "court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Rule 60(b)(1) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). The Court of Appeals for the Fifth Circuit has interpreted the Rule 60(b) standard to also incorporate the "good cause" standard in Rule 55(c). *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008). In determining whether good cause exists to set aside a default judgment, district courts are instructed to consider three factors: (1) whether the default was willful, (2) whether a meritorious defense is presented, and (3) whether setting aside the default would prejudice the adversary. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). That being said, this list is non-exclusive, as other factors may be considered in a court's analysis. *See Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 184 (5th Cir. 1992) (indicating that courts may also consider whether the public interest is implicated, if the defaulting party stands to incur significant financial loss, and if the defaulting party acted expeditiously to correct the default). Ultimately, whether to set aside a default

judgment is left to the sound discretion of the district court. *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985).

**A. Willfulness**

When considering a motion to set aside a judgment under Rule 60(b), courts apply a preponderance of the evidence standard to the assessment of willfulness. *In re OCA, Inc.*, 551 F.3d at 372. Furthermore, willfulness is determined by applying the "excusable neglect" standard. *Till*, 2015 WL 3903567, at *3 (citing *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992)). While an "elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993), excusable neglect does not include careless mistakes by counsel, "gross carelessness, ignorance of the rules, or ignorance of the law." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985)).

Hoist argues that its failure to timely respond to HDBD's state court petition was the result of excusable neglect. On April 4, 2016, HDBD served Hoist through the Secretary because Hoist did not have a registered in-state agent at the time of service. Doc. 1-5 at 5-6. Hoist acknowledges this fact, as well as the fact that it received a copy of the petition and citation on April 11, 2016. Doc. 1-5 at 6. Thus, Hoist was required to answer or otherwise respond to HDBD's *Original Petition* on or before 10:00 a.m. on April 25, 2016 – twenty days after the Secretary was served. *See Bonewitz v. Bonewitz*, 726 S.W.2d 227, 229-30 (Tex. App. – Austin 1987) (explaining that service is complete when the Secretary is served, not when a defendant receives notice); TEX. R. CIV. P. 99(b). However, Hoist's counsel, Attorney Gilmour, avers that a calendaring error resulted in the response deadline being listed as May 2, 2016 – twenty days after *Hoist* received notice of service. Doc. 6-1 at 2.

As Hoist plainly states, "[t]he delay in answering was not intended by Hoist and was the result of a mistake by counsel." Doc. 6 at 14. While Hoist alleges that its failure to respond was not intentional, the careless mistake of Hoist's counsel, which itself was predicated on ignorance of the law, does not constitute excusable neglect. *Edward H. Bohlin Co., Inc.*, 6 F.3d at 357; *see also Emerton v. Kroger Co.*, No. 3:14-CV-3334-D, 2015 WL 731250, at *3 (N.D. Tex. Feb. 20, 2015) (Fitzwater, J.) ("It is not an abuse of discretion to deny relief under Rule 60(b)(1) when the proffered justification is 'inadvertent mistake' of counsel."). Accordingly, this factor weighs in favor of upholding the default judgment.

**B. Meritorious Defense**

"To establish a meritorious defense, [Hoist] must provide a 'clear and specific statement showing, not by conclusion, but by definite recitation of facts' that it has a valid defense." *Till*, 2015 WL 3903567, at *3 (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969) (per curiam)). "The underlying concern in determining whether a meritorious defense is presented is 'whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default.'" *Scott v. Carpanzano*, 556 F. App'x 288, 298 (5th Cir. 2014) (per curiam) (quoting *In re OCA, Inc.*, 551 F.3d at 373 (citation and internal quotation marks omitted)).

Hoist asserts that it has a meritorious defense to HDBD's claim. Specifically, Hoist argues that it notified HDBD of its concerns with HDBD's billing practices, and disputes the amount, reasonableness, and necessity of HDBD's bills and that they are due and owing. Doc. 6 at 6, 15. In response, HDBD argues that Hoist's arguments regarding the alleged impropriety of its billing practices are "directly controverted" by Hoist's signed acknowledgement and admission that its debt was due and owing, the fees were reasonable and necessary, and that no

one to date had ever expressed any complaint or reservation about the reasonableness of the fees, expenses, or competency of services. Doc. 16 at 5; *see also* Doc. 9-5 at 12. Hoist's reply bolsters its meritorious defense argument, including another affidavit by Attorney Gilmour who avers that issues plagued HDBD's representation of Hoist in the TLH and Long Cove Matters, noting various problems with HDBD's litigation strategy, analysis of the issues, and charging of "excessive fees for travel." Doc. 9-1 at 4-5.[4] Additionally, Hoist argues that HDBD, as a limited partnership, is not entitled to damages of attorneys' fees. Doc. 9 at 6. In its sur-reply, HDBD stands on its previous arguments, adding that nothing prevents it from recovering attorneys' fees as damages. Doc. 16 at 6.

      First, Hoist's argument that HDBD, as a limited partnership, is unable to collect attorneys' fees as damages is incorrect, and misinterprets the holdings of *Fleming & Assocs., L.L.P. v. Barton*, 425 S.W.3d 560 (Tex. App. – Houston [14th Dist.] 2014) and *Ganz v. Lyons P'ship, L.P.*, 173 F.R.D. 173, 175 (N.D. Tex. 1997) (Urbom, J.). Under Texas law, the award of attorneys' fees is governed by Chapter 38 of the Texas Civil Practice and Remedies Code, which states in pertinent part that "a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8). While both *Barton* and *Ganz* construe Chapter 38 as preventing persons from recovering attorneys' fees *against* partnerships, both recognize that a partnership, which is included in the definition of "person" under the Texas Code Construction Act, may indeed recover attorneys' fees. *See Barton*, 425 S.W.3d at 575; *Ganz,* 173 F.R.D. at 176. Thus, a defense based on this argument is not meritorious.

---

[4] While Hoist presented this evidence for the first time in its reply brief, HDBD was allowed to address it in a sur-reply.

Hoist's second proffered defense challenges the amount, reasonableness, and necessity of the fees HDBD charged in connection with its representation in the TLH and Long Cove Matters. The Court finds that on the basis of this argument there is at least some possibility that the outcome of the suit after a full trial could be different, as Hoist contests whether it is legally responsible for the payment of all the legal fees it allegedly incurred. *In re OCA, Inc.*, 551 F.3d at 373. In other words, such a defensive theory presents "a possibility that the outcome after trial would not mirror the default judgment." *Id.* On this basis, the Court finds that Hoist has presented a meritorious defense, and that this factor weighs in favor of setting aside the default judgment.

**C. Prejudice to HDBD**

HDBD alleges no prejudice that would result from proceeding on the merits of this case. Indeed, this case is in its infancy, and while granting Hoist relief from default judgment would necessarily require HDBD to prove its case, such resulting delay is not prejudicial. *See Till,* 2015 WL 3903567, at *3 ("Plaintiff does not suffer prejudice when 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'") (citing *Lacy*, 227 F.3d at 293). Accordingly, this factor weighs in favor of setting aside the default judgment.

**D. Other Factors**

Additional factors weigh in favor of setting aside the entry of default. *In re Dierschke,* 975 F.2d at 184. First, under the state court's default judgment, Hoist is ordered to pay $186,214.69 plus pre-judgment interest, court costs and attorneys' fees in the amount of $9,783.86, and post-judgment interest. Doc. 1-5 at 14. A total award of nearly $200,000 (not including interest) is considerable and weighs in favor of setting aside the default judgment. Moreover, Hoist acted quickly in attempting to correct its mistake. Attorney Gilmour avers that

8

within a week of discovering the calendaring error, the case was removed to federal court and the original Rule 60(b) motion was filed. Doc. 6-1 at 3. Hoist's expeditious attempts to correct the default likewise weigh in favor of setting aside the default judgment.

## IV. CONCLUSION

In light of the foregoing, the Court finds good cause to set aside the state court's default judgment against Hoist. *See Till*, 2015 WL 3903567, at *5 (setting aside a default judgment, despite the fact that the defaulting defendant's failure to answer the plaintiff's original petition was not excusable neglect); *see also Lacy*, 227 F.3d at 292 (5th Cir. 2000) ("[F]ederal courts should not be agnostic with respect to the entry of default judgments, which are generally disfavored in the law and thus should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.") (citation and internal quotation marks omitted). However, because Hoist is not faultless, such relief should be conditioned on Hoist reimbursing HDBD for the costs it incurred due to the default. *See Till*, 2015 WL 3903567, at *5 (conditioning relief from default judgment on the defaulting defendant reimbursing the plaintiff for the related costs); *G & C Land v. Farmland Mgmt. Servs.*, No. 5:12-CV-134-C, 2012 WL 12863112, at *3 (N.D. Tex. Oct. 12, 2012) (Cummings, J.) (same). Thus, the parties should be ordered to confer regarding the amount of the reasonable fees and costs expended by Plaintiff in obtaining the default judgment in the state court and defending it here. If the parties fail to come to an agreement, the reasonableness of the fees requested should be determined by the Court.

9

Accordingly, Defendant's *Amended Motion for Relief from Default Judgment or, in the Alternative, Motion to Amend or Alter Judgment*, Doc. 6, should be **GRANTED**, the default judgment entered by the state court should be **VACATED**, and Plaintiff should be permitted to recover its reasonable costs incurred in obtaining and defending the default judgment.

**SO RECOMMENDED** on January 5, 2017.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE